IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| CLIFFORD C. ROBERTS | ) | |
| Plaintiff | ) | No. 1:20-cv-02404 |
| vs. | ) | |
| Lt. DEREK JABUREK | ) | Honorable Sunil R. Harjani |
| Defendant | ) | Jury Trial Demanded |

PLAINTIFF'S MOTION IN LIMINE SEEKING TO EXCLUDE EVIDENCE RELATING

TO THE SUBJECT MATTER OF PLAINTIFF'S CONVICTIONS AND THE LENGTH OF

PLAINTIFF'S SENTENCES

Now comes Plaintiff CLIFFORD C. ROBERTS by and through his undersigned counsel and moves this Honorable Court to exclude testimony and evidence regarding the subject matter and/or factual details of the Plaintiff's convictions as well as the length of Plaintiff's sentences at the trial of this cause as being irrelevant and unfairly prejudicial and in support thereof states as follows:

1. That the gravamen of Plaintiff's First Amended Complaint (now reduced to Count I) alleges the use of excessive force against the Plaintiff by the Defendant pursuant to 42 U.S.C. sec. 1983 on May 26, 2018.

2. The Defendant denies the use of such (excessive) force resulting in a rather simple factual dispute between the parties to be decided by the trier of fact (in this case, a jury) on the credibility of the witnesses.

3. The Plaintiff is currently serving sentences of 15 years (for predatory sexual assault); 60 years (for murder) and 10 years (for a narcotics offense). The Plaintiff's

   convictions and sentences have no relevance to allegations in the First Amended Complaint.

4. Should the Jury be allowed to hear the irrelevant details of the Plaintiff's convictions and/or the length of his sentences there is virtually no likelihood that the Jury would give any credibility whatsoever to the Plaintiff's testimony.

5. Plaintiff is mindful of Federal Rule of Evidence 609 and it being subject to Federal Rule of Evidence 403 which reads, in part, as follows: The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury. . . ."

6. In this case, the Jury will already know that the Plaintiff is an inmate in the Illinois Department of Corrections and, by logical extension, has therefore previously been convicted and sentenced for a felony offense.

7. In addition, Plaintiff's counsel hereby represents to both this Honorable Court and counsel for the Defendant that Plaintiff's counsel fully intends to ask the Plaintiff on direct examination if he (Plaintiff) is a convicted felon and is serving his sentence in the Illinois Department of Corrections thus "satisfying" the requirement of Rule 609 (a) (1) (A) and leading to the Court's discretionary powers in Rule 403 as previously stated in Paragraph 5 above.

8. That given the allegations in the First Amended Complaint, the credibility issues to be decided by the Jury, the representations of Plaintiff's counsel in Paragraph 7 above and the discretion allowed to the Court in Fed. R. EVID. 403 the factual underpinnings {details} of Plaintiff's convictions and the length of the sentences that he is serving

are not relevant to the issues of the case and would be highly prejudicial to the Plaintiff.

9. "Unfair prejudice" under Rule 403 refers to the tendency of certain evidence to provoke an emotional response from the Jury or to otherwise suggest a decision on an improper basis. Old Chief v. United States, 519 U.S. 172, 180-181 (1997)

10. The introduction of evidence as to the factual underpinnings {details} of the Plaintiff's convictions and the length of the sentences that he is serving would be unfairly prejudicial to the Plaintiff and could encourage the Jury to enter a decision/verdict on an improper basis. See Davenport v. DeRobertis, 1986 WL 4157, at *3 (N.D. Ill. Mar. 31, 1986) (in a civil suit by inmates against Illinois Department of Corrections officials, evidence of inmates' convictions ruled not admissible because convictions were "only minimally probative of [the plaintiffs'] credibility and [were] very likely to cause prejudice to plaintiffs since jurors might be unwilling to award damages once they have focused on the specific serious crimes which resulted in plaintiffs' incarceration.") Benders v. Bellows & Bellows, P.C., 2009 WL 1177066, at *2 (N.D. Ill. Apr. 29, 2009) (granting motion in limine to exclude evidence of prior action filed by plaintiff because "limited probative value of such evidence is substantially outweighed by the danger of unfair prejudice associated with painting [plaintiff] as litigious.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant the Plaintiff's Motion in Limine and exclude from both testimony and evidence any references to the subject matter of the Plaintiff's convictions as well as the length of the sentences that the Plaintiff is serving in the Illinois Department of Corrections.

Respectfully submitted,

Daniel E. Radakovich, Attorney

By: /S/ Daniel E. Radakovich

900 West Jackson Boulevard

Suite 5-East

Chicago, IL 60607

(312) 733-5116

(312) 733-3001 facsimile

dan@danielradakovich.com

Attorney for Plaintiff

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing documents was served electronically via the Court's ECF filing system to all counsel of record on this 7th day of January, 2025.

/S/Daniel E. Radakovich

Daniel E. Radakovich #2274272

900 West Jackson Boulevard; Suite 5-East

Chicago, IL 60607

(312) 733-5116

(312) 733-3001 facsimile

dan@danielradakovich.com