IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| CLIFFORD C. ROBERTS, | ) | |
| Plaintiff | ) | |
| vs. | ) | No. 1:20-cv-02404 |
| Lt. DEREK JABUREK, | ) | Honorable Sunil R. Harjani |
| Defendant | ) | |

### PLAINTIFF'S PETITION FOR ATTORNEY'S FEES AND COSTS

Now comes the Petitioner herein, Daniel E. Radakovich, as Attorney for Clifford C. Roberts {Plaintiff in the above-captioned case} and pursuant to 42 U.S.C. §1988 (b) respectfully prays this Honorable Court to award Attorney's fees and reimbursement of costs to the Petitioner and in support thereof avers as follows:

1. That this cause was initiated by a Pro Se Complaint that was sent by the Plaintiff herein, CLIFFORD C. ROBERTS, to the Clerk of this Court (document nos. 1 & 2) where it was received on April 2, 2020 then subject to various Amended General Orders (nos. 4, 5, 6 and 7) due to the COVID pandemic which resulted, for all practical purposes, in no real action being taken on the Pro Se Complaint nor this case until @February 22, 2021.

2. That on December 16, 2021, an Order was entered that included recruiting the first of five (5) Attorneys who were (ultimately) recruited to represent the Plaintiff in this matter pursuant to District Court's Local Rule 83.37 (N.D. Ill.). Petitioner Radakovich was the fifth—and final—of the recruited attorneys to represent Plaintiff ROBERT in this cause and remained on the case throughout the trial of the matter before a Jury resulting in a verdict in

favor of the Plaintiff.

3.    That pursuant to U.S.C. §1988(b) provides, in part, that this Court, "in its discretion, may allow the prevailing party. . .a reasonable attorney's fee as part of the costs, . . .". For the reasons stated in the above and foregoing Petition the award of attorney's fees and costs "is necessary to effect the purposes of civil rights law and to provide the incentive to lawyers to take the otherwise unrepresented cases." (see S. REP. NO. 94-1011, at 6, as reprinted in 1976 U.S.C.C.A.N. 5908, 5913)  This is especially true in the matter currently before this Court where Attorney Radakovich was the fifth attorney "recruited" and stayed with the case throughout trial resulting in a verdict in favor of the Plaintiff.  This act of 'staying with the case' included the fact that Petitioner never requested to withdraw even after the Plaintiff ROBERTS filed a Pro Se "Motion for Appointed Counsel to Withdraw" one week prior to the commencement of the trial (no. 116) which had been scheduled since September 17, 2024 (no. 93).  After a Hearing on Plaintiff's Pro Se Motion held on February 6, 2025, the Pro Se Motion was denied  (with the agreement of the Plaintiff) (no. 118).

4.    Petitioner Radakovich is mindful that although the Jury's verdict resulted in favor of of Plaintiff's claim of excessive force, the Jury awarded the Plaintiff nominal damages in the amount of $1.oo.  Petitioner Radakovich suggests to this Honorable Court that this fact should neither negate nor diminish Petitioner's request for fees based, in part, on some and/or all  of the following factors:

    A.  The Plaintiff was and is the prevailing party in this matter after the Jury deliberated for an estimated total of twelve (12) hours (or more) over two days after hearing testimony totaling an estimated three (3) hours.  Obviously, the Jury weighed the merits of each party's case and took great care during its deliberations.

    B.  This case was both difficult and challenging  for Plaintiff's counsel to present given the Heck v. Humphrey bar;  the Joint Trial Exhibits and the Findings contained

2

therein which greatly restricted what Plaintiff's counsel could elicit from Plaintiff during his direct examination inhibiting what Petitioner counsel could argue to the Jury coupled with the relative paucity of the Plaintiff's medical records led to a situation where Plaintiff's counsel was required to demonstrate a measure of focused and skillful advocacy to obtain the Jury's verdict in favor of the Plaintiff.

C. Plaintiff ROBERTS's primary goal was one where he could "be heard/prove" that he was the victim of excessive force. This goal was achieved by the Jury's verdict in his favor on the issue of excessive force. His primary goal was not an attempt to obtain financial compensation. With the type of minimal medical care that Plaintiff received in the Illinois Department of Corrections (e.g. although presenting at Health Services in an alleged unconscious state there is no evidence in this record that Plaintiff received any concussion protocol or any physical examination by a doctor, physician's assistant or registered nurse but his medical treatment consisted of only a few minutes of having his eyes washed out with water {in an attempt to mitigate the effects of the pepper spray} after which he was immediately transported to "segregation") coupled with medical records that did not demonstrate any tangible injury (fractures etc.) did not provide much of a basis for Petitioner attorney to credibly argue for an award of significant compensatory damages. The Plaintiff had neither medical bills, nor lost wages nor other expenses that he could present to the Jury to reasonably claim to be awarded significant financial compensation as actual damages.

D. The Court's attention is also directed to EFD #91 (no.91) dated July 11, 2024, which states, in part, as follows: "Defendant is currently not interested in settlement and wishes to proceed to dispositive motion practice." In fact, the Defendant has never indicated that it was willing to enter any type of settlement negotiations. Plaintiff has always been willing to negotiate settlement since the (Recruitment) Order of September 9, 2022 (no. 45) entered by the Honorable Sara L. Ellis which began Petitioner Radakovich's representation of the Plaintiff Roberts. After the comments of this Honorable Court to the parties immediately after the taking of the Jury's verdict in this matter on the afternoon of Wednesday, February 12, 2025 (encouraging settlement discussions) the Plaintiff has continued to express his interest in settlement discussions. Defense counsel, on the other hand, has indicated that ". . .A settlement conference with a magistrate judge would not be beneficial. We wouldn't object to ex parte calls." {Hence, quoting from defense counsel's email of February 25, 2025, Query: What purpose would be served by Plaintiff's counsel contacting either Judge Harjani's Deputy and/or the Magistrate

Judge to advise them that Plaintiff was willing to meet with the Magistrate when the Defendant is and was not willing nor interested in the same?}

E. The statements in Paragraph D. above are written to implore this Court to not penalize the Petitioner (Plaintiff's) attorney by denying or significantly reducing an award of fees because of the Defendant's continuing refusal to engage in settlement discussions. A significant majority of the hours billed by Petitioner Attorney [@76% computed at 24.1 divided by 103.4] has been the direct result of Petitioner Attorney being required to prepare for trial and the trial of this cause (see both EFD #91 and the corresponding 7/11/24 entry in Exhibit A). Further, Petitioner Attorney acted in good faith by agreeing to Dismiss Count II of the First Amended Complaint (Deliberate Indifference to Medical Needs) with prejudice on September 17, 2024 (no. 93) since there was no credible evidence in either the discovery tendered and/or in the record supporting said claim. Although the Plaintiff took issue with this decision in his aforesaid Pro Se "Motion. . . to Withdraw" (no. 116) Plaintiff's counsel's decision seems to have been the correct one given the verdict in favor of the Plaintiff on the one and only count (Excessive Force) that proceeded to trial. There was no frivolous claim here.

5. Petitioner Attorney has expended more than 103.4 hours in representing the Plaintiff in this cause since being recruited on September 9, 2022. Petitioner's Attorney has researched the rates of other experienced attorneys in the community and the hourly rates that they charge for doing similar work in the Chicago (Northern District of Illinois) market. The petitioner submits that the rate of $500.oo per hour is both fair and reasonable in this instance. Even attorneys with far less experience than Petitioner have billed in civil rights cases in the Northern District of Illinois at a rate of $500.oo per hour (or more) and said rate has been approved. Petitioner Attorney has attached a summary of his billing records here as Exhibit "A."

6. Petitioner has also incurred costs in the amount of $1,349.37 during his representation of Plaintiff ROBERTS in this cause for which Petitioner is seeking reimbursement from the Defendant. (See Exhibit "B" attached hereto). Additionally,

the Plaintiff ROBERTS paid the statutory filing fee of $402.oo to file his (initial) Complaint (see EFD #s10 & 15) for which he is seeking reimbursement from the Defendant.

7.   Petitioner Attorney herein has more than fifty (50) years of experience in his legal career representing more than 6,000 individuals and entities in both civil and criminal cases in both state and federal trial and appellate courts (see Exhibit "C" attached hereto). Although Petitioner Attorney does not hold himself out as a "civil rights attorney" he did accept the "recruitment" to take on the case; never made any attempt to withdraw from the case as other recruited counsel did; learned the law involved; persevered in what is and was an extremely difficult case for the Plaintiff to prevail in; prepared for and took the case to trial and gained a verdict in favor of his Client.

8.   Petitioner is mindful of the decisions in United States Supreme Court cases such as Uzuegbunam v. Preczewski, 592 U.S. 279 (2021); Hensley v. Eckerhart, 461 U.S. 424 (1983) and Farrar v. Hobby, 506 U.S. 103 (1992) as well as such Seventh Circuit cases as Montanez v. Simon, 755 F.3d 547 (7th Cir. 2014); Frizell v. Szabo, 647 F.3d 698 (7th Cir. 2011); Aponte v. City of Chicago, 728 F.3d 724 (7th Cir. 2013) and Richardson v. City of Chicago, 740 F.3d 1099 (7th Cir. 2011). Given the development of the law re: awards of attorney fees in nominal/small monetary verdicts in both the Supreme Court as well as the Seventh Circuit Petitioner is requesting this Honorable Court to award fees to Petitioner in this case for the reasons stated herein. Additionally, Petitioner was placed in a "no-win" type of position by being recruited into a case that he did not originally file. Four of the predecessor attorneys who were recruited by Judge Ellis were granted leave to withdraw/were dismissed. Petitioner's immediate predecessor was not only withdrawn from representation but was also sanctioned by removal from the trial bar (nos. 43 and 44) by Her Honor Judge Ellis. Petitioner was recruited to represent Plaintiff ROBERTS in this case in which proceeding to

5

a jury trial was the only practical "option" for the Petitioner attorney given the Plaintiff's insistence on proceeding with his claim coupled with the Defendant's failure to pursue "dispositive motion practice" (quoting from EFD #91) and Defendant's unwillingness to enter into settlement discussions (continuing into the post-verdict present). Petitioner's failure to represent Plaintiff may very well have resulted in sanctions being imposed against Petitioner.

9. In Hensley, supra the Court wrote that "the amount of the fee, of course, must be determined by the facts of each case." 461 U.S. at 429. Here the Petitioner has demonstrated the following:

A. That he has crossed the "statutory threshold" (Hensley, 461 U.S. at 433) in that the Plaintiff is the prevailing party in this litigation which is an important factor;

B. That no "special circumstances exception" applies here that would render the award unjust as there was a legitimate public purpose served by this litigation and the legal issue involved here is significant especially in light of the Heck bar which was navigated, in part, by the Petitioner's advocacy on behalf of the Plaintiff;

C. The amount of fees that are requested is reasonable both in the number of hours submitted by the Petitioner attorney as well as hourly fee requested (the lodestar);

D. The amount of fees requested is necessary to effect the purpose of the civil rights law by giving incentive to attorneys (especially, as here, a "recruited" attorney who did not file the original Complaint but who followed through as the fifth {and final} recruited attorney in order to fulfill his ethical and professional responsibilities to both his Client as well as to this Court) to take an otherwise underrepresented case;

E. There is a continuing notion in the Seventh Circuit that there is no strict proportionality rule when it comes to the application of fee shifting statutes. (see Anderson v. AB Painting & Sandblasting, Inc., 578 F.3d 542, 545 (7th Cir. 2009).

WHEREFORE, Petitioner Daniel E. Radakovich, Attorney at Law respectfully requests this Honorable Court for the following relief:

A. To award attorney's fees to Daniel E. Radakovich in the amount of $ 51,700.oo calculated at 103.4 hours @ $500.oo per hour for representation per Exhibit "A."

6

B.  To award reimbursement of costs to Attorney Daniel E. Radakovich in the amount of $ 1,349.37 as reflected in Exhibit "B."

C.  To award reimbursement of the filing fee paid by Plaintiff Clifford C. ROBERTS as per Electronic Filing Document no. 15) {which is believed to be $402.oo}; and

D. For such other and further relief as this Honorable Court deems to be appropriate, proper, necessary and just.

Dated March 10, 2025                                    Respectfully submitted,

                                                       /s/Daniel E. Radakovich

Daniel E. Radakovich  #2274272

Attorney for Plaintiff Clifford C. ROBERTS  (and Petitioner herein)

900 West Jackson Boulevard, Suite 5-East

Chicago, IL 60607

Phone: (312) 733-5116      fax: (312) 733-3001

dan@danielradakovich.com

# EXHIBIT A

Time Sheets for Attorney Daniel E. Radakovich's Representation of

Clifford C. Roberts in the Case of Clifford C. Roberts vs. Lt. Derek Jaburek

Case No. 1:20-cv-0204 in the United States District Court for the

Northern District of Illinois, Eastern Division

| Date | Description of work | Hours |
|------|---------------------|-------|
| 9-9-22 | Received notice of recruitment (EFD #45), review of docket sheet | .25 |
| 9-29-22 | Received and reviewed (EFD #46), further review of case documents | .5 |
| 11-22-22 | Review of case and drafted letter to Clifford Roberts | .5 |
| 11-29-22 | Telephone conference with Judge Ellis (EFD #47) and review of pleadings | .4 |
| 12-8-22 | Received and reviewed letter from Clifford Roberts and reviewed his issues of concern, review of docket and case history | .3 |
| 1-18-23 | Received (somewhat negative) letter from Clifford Roberts | .2 |
| 1-23-23 | Review of file, legal research and drafted First Amended Complaint | 1.5 |
| 1-31-23 | Received (EFD #48) setting telephone conference for February 1, 2023 | .1 |
| 1-31-23 | Final editing and review of First Amended Complaint and filed same (EFD #49) | .3 |
| 2-1-23 | Telephone conference with Judge Ellis (see EFD #50 for details) | .4 |
| 2-6-23 | Letter to Clifford Roberts (with #49 & 50); review of file | .6 |
| 2-15-23 | Prepared Waiver of Service (EFD #51), review of file | .5 |
| 4-11-23 | Prepared and filed Motion for Extension of Time to File Joint Status Report (EFD #52) after email and phone call with AILAG Daniel Robbin | .6 |
| 4-14-23 | Received and reviewed Appearance of Huda Khan (no. 53) and Defendant's Answer to Amended Complaint (no. 54); file review | .75 |
| 4-17-23 | Received, reviewed and docketed minute entry from Judge Ellis (no. 55) | .25 |

A-1

5-8-23 thru 5-10-23  Work on Joint Initial Status Report in conjunction with AILAG

Huda Khan and Attorney Taylor Bronstein; filed as EFD #56 .75

5-15-23  Received, reviewed and docketed minute entry by Judge Ellis EFD #57 .25

5-19-23  Letter to Client with nos. 54 thru 57 and review of file and schedule .6

6-6-23  Letter from Client with items to review and research .5

6-7-23 thru 6-9-23  Receipt and revue of Confidentiality Order with AILAG Huda Khan 1.5

6-9-23  Preparation and filing of Report of Rule 26(f) Planning Meeting (EFD #58)

in conjunction with AILAG Huda Khan and Attorney Bronstein 1. 75

6-16-23  Motion for Order of Confidentiality by Defendant (EFD #59) .1

6-21-23  Motion of Defendant for leave to file Amended Answer etc. EFD #60 .2

7-15-23  Letter from Client with various issues and materials, review .4

8-17-23  Preparation and filing of Motion for Extension of Time EFD #61 .3

10-24-23  Preparation and filing of Motion for Extension of Time to Complete

Discovery and Notice of Motion (EFD #s 62 & 63) .5

10-26-23  Minute entry by Judge Ellis (EFD #64) granting motion for extension

and setting new discovery schedule and status date; docketed .25

11-15-23  Received and reviewed Defendant's Amended Answer to First Amended

Complaint and Affirmative Defenses (EFD #65), research 1.6

12-13-23  Letter from Client with materials to consider (review)

12-21-23  Agreed Confidentiality Order signed by Judge Ellis (EFD #66) .1

2-6-24  Received letter from Client with requests, reviewed and researched .75

3-26-24  Phone conversations with AILAG Neha Rai who then completed and

filed Joint Status Report (EFD #68) .3

3-27-24  Appearance filed by AILAG  Neha Rai followed by telephone conference

with Judge Ellis setting schedule followed by file review .75

4-2-24  Received Ex. Comm. Order reassignment of case to Judge Harjani

|  | (EFD # 71) followed by review of Judge Harjani's page | .3 |
| 4-9-24 | Received and reviewed minute entry by Judge Harjani (EFD #72) | |
|  | rescheduling status hearing etc., docketed and file review | .4 |
| 4-9-24 | Received notice of referral of matter to Magistrate Appenteng (EFD #73) | .1 |
| 4-10-24 | Received and reviewed minute entry from Magistrate Appenteng | |
|  | (EFD #74) with instructions and setting schedule, docketed | .25 |
| 4-30-24 | Phone consultation with AILAG Rai followed by preparation and | |
|  | Filing of Motion for Extension of Time (EFD #75) | .6 |
| 5-3-24 | Received EFD #76 striking Motion for Extension of Time | .1 |
| 5-6-24 | Phone conversation with AILAG Rai, preparation of Joint Status | |
|  | Report and filing of same (EFD #77) | .6 |
| 5-8-24 | Received and reviewed letter from Clifford Roberts, review of file and | |
|  | legal research of issues | 1.2 |
| 5-13-24 | Received and reviewed minute entry from Magistrate Appenteng; | |
|  | (EFD #78) checked the docket and reviewed file to date | .7 |
| 5-20-24 | In Person Status Hearing held before Magistrate Judge Appenteng | |
|  | (see EFD #79 for details) | 1.25 |
| 5-22-24 | Phone call with AILAG Rai then prepared and filed a Notice of Deposition | |
|  | for Defendant Lt. Jaburek | .4 |
| 5-28-24 | Emails re: Veritext services; phone call with AILAG Rai | .2 |
| 5-28-24 | Received and reviewed letter from Clifford Roberts, reviewed file and | |
|  | preparation for deposition of Lt. Jaburek | 1.25 |
| 5-29-24 | Request by ILAG Office to reschedule the deposition of Lt. Jaburek, | |
|  | phone conversation and rescheduling agreement | .2 |
| 5-30-24 | Completed and filed Unopposed Motion for Extension of Time (EFD #81) | .6 |
| 5-31-24 | Minute entry by Judge Appenteng granting unopposed motion and resetting | |

|  |  |  |
|---|---|---|
|  | deadlines (EFD #82) | .2 |
| 6-3-24 | Attendance at deposition of Clifford Roberts, consultation with Client | 1.5 |
| 6-5-24 | Minute entry by Judge Harjani setting/resetting scheduled events (EFD #83) and rearranged file docketing | .2 |
| 6-6-24 | Prepared and filed Notice of Deposition for Lt. Jaburek (EFD #84) | .2 |
| 6-10-24 | Preparation for deposition of Lt. Jaburek | 1.5 |
| 6-11-24 | Preparation for deposition of Lt. Jaburek | 1.25 |
| 6-12-24 | Attendance at deposition of Lt. Jaburek | 1.2 |
| 6-24-24 | Received Appearance of AILAG Daniel Robbins (EFD #85) and email from AILAG Robbins to Magistrate Appenteng | .15 |
| 6-24-24 | Phone with AILAG Robbins and prepared and filed Joint Status Report (EFD #86) | .5 |
| 6-24-24 | Received and reviewed minute entry from Magistrate Appenteng (EFD #87) | .2 |
| 7-1-24 | Minute entry from Magistrate Appenteng (EFD #88) | .1 |
| 7-11-24 | Telephone conference with Judge Harjani (see summary at EFD #91) **Defendant not interested in settlement and wishes to proceed to motion practice.** Appearance of Katharine Kramer and withdrawals (EFD #s 89 & 90) | .6 |
| 7-12-24 | Minute entry by Magistrate Appenteng terminating referral (EFD #93) | .1 |
| 9-11-24 | Email from AILAG Katharine Kramer with Plaintiff Roberts's medical records and review of medical records | 1.25 |
| 9-17-24 | In person Status Hearing before Judge Harjani (EFD #93); TRIAL DATE and TRIAL SCHEDULE SET. **Plaintiff oral request to voluntarily dismiss Count II of the Amended Complaint as to Deliberate Indifference is Granted without objection and with prejudice.** | 1.25 |

| Date | Description | Hours |
|---|---|---|
| 9-17-24 | EFD #94 re:  Writ of Habeas Corpus Ad Testificandum required | .1 |
| 10-18-24 | Letter to Clifford Roberts with EFD #93 and four (4) numbered | |
| | Questions (with return envelope); also full review of | |
| | File and notes | 1.75 |
| 10/29/24 | EFD #95 resetting Final Pretrial Conference is entered, docketed | .1 |
| 12/13/24 | Attorney appearance of AILAG Carl Stier for Defendant Jaburek (EFD #96) | .1 |
| 12-31-24 | Received (Notice of) Subpoena for Sgt. Jason Abbott (to testify) | |
| | (EFD #98).  Email to AILAG Stier requesting deposition | .25 |
| 1-5-25 | Research and writing on Plaintiff's Motion in Limine to Exclude | |
| | Evidence of "convictions and length of sentence" | 1.75 |
| 1-6-25 | Email from AILAG refusing request for deposition of Abbott | .1 |
| 1-6-25 | Continued research and writing on Plaintiff's Motion in Limine | 1.25 |
| 1-7-25 | Emails and phone conversations with AILAGs Kramer & Stier | |
| | Re: Motions in Limine | .75 |
| 1-7-25 | Final editing and filing of Plaintiff's Motion in Limine (EFD #99) | 1.5 |
| 1-7-25 | Received and reviewed EFD #100  Lt. Jaburek's Motion in Limine | .25 |
| 1-7-25 | (cursory) Review of Defendant's Motions in Limine | .4 |
| 1-8-25 | Email from AILAG Stier re:  Stipulations.  Review of (proposed) | |
| | Stipulations and "cautionary" email regarding same | .6 |
| 1-9-25 | Thorough review of file and trial preparation | 1.3 |
| 1-10-25 | Prepared and filed (EFD #101) Petition for Writ of Habeas Corpus etc. | .5 |
| 1-13-25 | Prepared (corrected) Petition for Writ of Habeas Corpus etc. with | |
| | Attachments (EFD #102) with Letter to Menard Correctional | |
| | Center containing same via FedEx Next Day  (See also EFDs | |
| | #103, 104 & 105 regarding the same subject matter) | 1.4 |
| 1-15-25 | Emails with AIAGs Kramer & Stier; worked on Motion for Extension | |

| | | |
|---|---|---:|
| | of Time to File Final Pretrial Order | 1.3 |
| 1-16-25 | Edited and filed (EFD #107) Motion for Extension of Time to | |
| | file Final Pretrial Report; phone & emails with AILAGs | .8 |
| 1-16-25 | Phone call and emails with Colleen Runge of Legal Dept. at | |
| | Menard C.C. with completed Request forms | .4 |
| 1-17-25 | Minute entry by Judge Harjani (EFD #108) granting Agreed Motion | |
| | for Extension of Time and modifying Jury Trial time to 8:30 am | .15 |
| 1-17-25 | Received and reviewed letter from Clifford Roberts, reviewed file | .3 |
| 1-21-25 | Emails with AIAGs Kramer & Stier regarding Final Pretrial Order | |
| | and review of and work on same (with Attachments) | 1.25 |
| 1-22-25 | Legal Phone Call (#1) with Client Clifford Roberts (see notes) | 1.0 |
| 1-22-25 | Email to Ms. Runge of Legal Dept. Menard CC w/2 request forms | .25 |
| 1-22-25 | Email from AILAG Kramer with proposed Final Pretrial Order | |
| | including Jury Instructions and Exhibit Chart(s) | 1.25 |
| 1-23-25 | Email to AILAG Kramer with comments on Final Pretrial Order | .4 |
| 1-23-25 | Received and reviewed Lt. Jaburek's Response to Plaintiff's | |
| | Motion in Limine (EFD #109), worked on Final Pretrial Order | .6 |
| 1-23-25 | Phone call and email with Ms. Runge of Menard C.C. arrange dates | .2 |
| 1-23-25 | Phone call with AILAGs regarding case (see notes for details) | .75 |
| 1-24-25 | Legal Phone Call (#2) with Client Roberts (see notes for details) | 1.0 |
| 1-25-25 | Trial preparation including work on Plaintiff's Trial Brief and prep. for | |
| | direct and cross-examinations | 3.25 |
| 1-27-25 | Emails with AILAGs KK & CS re: Trial Brief (and reviews of documents) | .5 |
| 1-27-25 | Trial preparation: review and charting of Roberts's medical records | |
| | IDOC Report of Investigation and witness examinations | 2.25 |
| 1-28-25 | Received and reviewed EFD #111 (ordering Plaintiff to prepare and | |

| | | |
|---|---|---|
| | file a Supplemental Trial Brief), began legal research on the | |
| | "Heck bar" issue and drafting STB | 2.5 |
| 1-29-25 | Legal Phone Call with Client Clifford Roberts (see notes) | 1.0 |
| 1-29-25 | Additional legal research on "Heck bar" issue | 1.5 |
| 1-30-25 | Additional research and writing on "Heck bar" STB | 2.75 |
| 1-30-25 | Letter to Client Roberts with EFD #s 110 & 111 along with copies | |
| | of Heck and related cases found in research (via FedEx) | 1.25 |
| 1-31-25 | Letter to Client Roberts (via FedEx) with deposition transcripts | .5 |
| 1-31-25 | Legal Phone Call with Plaintiff Clifford Roberts (see notes) | 1.0 |
| 1-31-25 | Received and reviewed Joint Exhibits 1, 4 & 11  (reviewed file) | .5 |
| 1-31-25 | Final edits to and filing of Plaintiff's Suppl. Trial Brief (EFD #112) | 1.25 |
| 2-3-25 | Legal Phone Call with Clifford Roberts (see notes) | 1.0 |
| 2-3-25 | Received and reviewed Plaintiff Roberts's "Motion for Appointed | |
| | Counsel to Withdraw" (EFD #116) and review of file | |
| | Materials with respect to DER's response to "Motion" | .8 |
| 2-4-25 | Notified of cancellation of Legal Phone Call scheduled for 2/5/25 | .1 |
| 2-4-25 | Final Pretrial Conference (in person) before Judge Harjani (see notes | |
| | for details and EFD #114 for summary) | 1.0 |
| 2-4-25 & 2-5-25 | Emails with Lynette Santiago and (primarily) Nicole Marrero | |
| | Re:  United States Marshal's Form 78; phone w/Nicole | 1.25 |
| 2-5-25 | Received and reviewed EFD #115 regarding Heck issue and | |
| | EFD #117 setting telephonic Hearing on  2/6/25 | .25 |
| 2-6-25 | Telephonic conference with Judge Harjani, Plaintiff Clifford Roberts | |
| | and opposing counsel all together and (partially) with | |
| | Judge Harjani and Plaintiff Roberts (alone with DER) | |
| | Re: EFD  #116 Appointed Counsel to Withdraw | 1.0 |

| 2-6-25 | Received and reviewed EFD #118 re: Motion to Withdraw issue | .1 |
| 2-6-25 | Emails with Lynette Santiago and Cheryl Ketterman arranging a Legal Phone Call with Plaintiff per Judge Harjani's Request/instructions | .25 |
| 2-7-25 | Legal Phone Call with Clifford Roberts (at Stateville C.C.) (see notes for details) STRICT TIME DEADLINE of 10:00 to 10:30 am ONLY! | .5 |
| 2-7-25 | Trial preparation including Review of Exhibits, deposition transcripts, Heck bar issue and work on direct and cross-exams | 3.75 |
| 2-8-25 | Continued trial preparation | 4.5 |
| 2-10-25 | Commencement of jury trial with jury selection, opening statements, meeting with Client Roberts, examinations (see notes & EFD #119) | 8.5 |
| 2-11-25 | Jury trial continues, examinations, closing arguments, instructions etc. (see notes & EFD #s 120, 121, 122, 123 & 124 for further information and details); Jury Deliberation begins | 4.0 |
| 2-11-25 | Summoned to court (and travel) for consideration of "jury note"; comments by counsel to Court; Jury brought into open court: "instructed" by Court then sent home to return on 2-12-25 for further deliberations | .75 |
| 2-12-25 | Jury deliberations continue (while DER in office—no billing); Summoned to return to court in the afternoon as Jury has announced that they have a Verdict; returned to Court from office, JURY VERDICT ANNOUNCED EFD #s 126, 127 & 128 | 1.0 |
| | TOTAL HOURS BILLED: | 103.4 |

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| CLIFFORD C. ROBERTS, | ) | |
| Plaintiff | ) | |
| vs. | ) | No. 1:20-cv-02404 |
| Lt. DEREK JABUREK, | ) | |
| Defendant | ) | Honorable Sunil R. HARJANI |

PLAINTIFF'S BILL OF COSTS

Now comes Petitioner Daniel E. Radakovich as Attorney for the Plaintiff CLIFFORD C. ROBERTS in the above captioned cause and submits the following Bill of Costs paid by Petitioner Radakovich during his representation of Plaintiff ROBERTS for which the Petitioner seeks reimbursement as per his PETITION FOR ATTORNEY'S FEES AND COSTS:

Payment to VERITEXT LLC for depositions and transcripts of both

Plaintiff ROBERTS & Defendant JABUREK (payment via credit

card per Receipt):                                                                                      $ 1,289.23

FedEx expense to send Writ of Habeas Corpus etc. to Acting

Director Latoya Hughes via Overnight Mail (paid by check)                  40.14

2 FedEx invoices (@ $10.oo each) to Overnight legal materials to Client    20.00

TOTAL COSTS:                                                                                 $  1,349.37

Additionally the Plaintiff CLIFFORD C. ROBERTS paid $402.oo to the Clerk of the United States District Court to file the Pro Se Complaint in this cause for which Reimbursement is also sought.

Case: 1:20-cv-02404 Document #: 131 Filed: 03/10/25 Page 19 of 25 PageID #:466

 **Gmail**

Daniel Radakovich <dan@danielradakovich.com>

---

## VERITEXT LLC Transaction Receipt - Reference Number 630445640

1 message

---

**VERITEXT LLC** <notifications@paytrace.com>
Reply-To: ecorona@veritext.com
To: dan@danielradakovich.com

Fri, Jan 31, 2025 at 12:18 PM

VERITEXT LLC
290 W Mt Pleasant Avenue
Livingston, NJ 07039
1/31/2025 1:17:42 PM
Reference Number: 630445640
Total:                        $1,289.23
Transaction Type:    Sale
Card Brand:              Visa
Card Number:          xxxxxxxxxxxx2871
Entry Method:          Keyed
Approval Code:         02292D
Approval Message: APPROVAL
AVS Result:               Full Exact Match
CSC Result:              Match
Customer Name:      Daniel Radakovich
Invoice:                     7496866
Veritext Help Phone Number: 973-410-4040

B−2

| Invoice Number | Invoice Date | Account Number | Page |
|---|---|---|---|
| 8-747-44481 | Jan 22, 2025 | 1228-0663-4 | 2 of 2 |

## FedEx Express Shipment Summary By Payor Type

**FedEx Express Shipments (Original)**



| Payor Type | Shipments | Rated Weight lbs | Transportation Charges | Special Handling Charges | Ret Chg/Tax Credits/Other | Discounts | Total Charges |
|---|---|---|---|---|---|---|---|
| Third Party | 1 | 41.68 | | 10.96 | | -12.50 | 40.14 |
| **Total FedEx Express** | **1** | **$41.68** | | **$10.96** | | **-$12.50** | **$40.14** |

| | TOTAL THIS INVOICE | | USD | $40.14 |
|---|---|---|---|---|

## FedEx Express Shipment Detail By Payor Type (Original)

**Ship Date:** Jan 14, 2025     **Cust. Ref.:** Clifford Roberts     **Ref.#2:**
**Payor:** Third Party     **Ref.#3:**

- The Earned Discount for this ship date has been calculated based on a revenue threshold of $ 376.18
- Fuel Surcharge - FedEx has applied a fuel surcharge of 16.75% to this shipment.
- Distance Based Pricing, Zone 3

| | | Sender | Recipient |
|---|---|---|---|
| Automation | ROSA | Daniel E. Radakovich | Latoya Hughes, Act. Dir. |
| Tracking ID | 817656189232 | Radakovich, Daniel E, ATTY | Menard Correctional Center |
| Service Type | FedEx Priority Overnight | 900 W Jackson Blvd Ste 5e | 711 Kaskaskia Street Records O |
| Package Type | FedEx Envelope | CHICAGO IL 60607 US | MENARD IL 62259 US |
| Zone | 03 | | |
| Packages | 1 | | |
| Rated Weight | N/A | Transportation Charge | 41.68 |
| Delivered | Jan 15, 2025 11:06 | Earned Discount | -12.50 |
| Svc Area | A9 | Fuel Surcharge | 5.76 |
| Signed by | R.King | DAS Commercial | 4.20 |
| FedEx Use | 000000000/197/_ | Demand Surcharge | 1.00 |
| | | **Total Charge**    USD | **$40.14** |

| | Third Party Subtotal | USD | $40.14 |
|---|---|---|---|
| | **Total FedEx Express** | **USD** | **$40.14** |



**FedEx**

| Invoice Number | Invoice Date | Account Number | Page |
|---|---|---|---|
| 8-761-87870 | Feb 05, 2025 | 1228-0663-4 | 3 of 3 |

**Ship Date:** Jan 30, 2025
**Payor:** Third Party

Cust. Ref.: cliffordroberts
Ref.#3:                                    Ref.#2:

- Distance Based Pricing, Zone 3
- This shipment was priced using FedEx One Rate

| | | | | |
|---|---|---|---|---|
| Automation | SSFO | **Sender** | | **Recipient** |
| Tracking ID | 817656189200 | Daniel E. Radakovich | | Clifford Roberts #R24748 |
| Service Type | FedEx 2Day | RADAKOVICH, DANIEL E, ATTY | | Menard Correctional Center |
| Package Type | FedEx Envelope | 900 W JACKSON BLVD STE 5E | | 711 Kaskaskia St |
| Zone | 03 | CHICAGO IL 60607 US | | MENARD IL 62259 US |
| Packages | 1 | | | |
| Delivered | Feb 03, 2025 11:29 | | | |
| Svc Area | A9 | | | |
| Signed by | R.King | Transportation Charge | | 10.00 |
| FedEx Use | 000000000/54525/_ | Total Charge | USD | $10.00 |

**Ship Date:** Jan 31, 2025
**Payor:** Third Party

Cust. Ref.: NO REFERENCE INFORMATION
Ref.#3:                                    Ref.#2:

- Distance Based Pricing, Zone 3
- This shipment was priced using FedEx One Rate

| | | | | |
|---|---|---|---|---|
| Automation | ROSA | **Sender** | | **Recipient** |
| Tracking ID | 817656189221 | MARIA OLIOSI | | CLIFFORD ROBERTS #R24748 |
| Service Type | FedEx 2Day | RADAKOVICH, DANIEL E, ATTY | | MENARD CORRECTIONAL CENTER |
| Package Type | FedEx Envelope | 900 W Jackson Blvd Ste 5e | | 711 E KASKASKIA ST |
| Zone | 03 | CHICAGO IL 60607 US | | CHESTER IL 62233-1902 US |
| Packages | 1 | | | |
| Declared Value | USD 100.00 | | | |
| Delivered | Feb 03, 2025 11:29 | | | |
| Svc Area | A9 | | | |
| Signed by | R.King | Transportation Charge | | 10.00 |
| FedEx Use | 000000000/54525/_ | Declared Value Charge | | 0.00 |
| | | Total Charge | USD | $10.00 |

| | | |
|---|---|---|
| **Third Party Subtotal** | USD | $45.50 |
| **Total FedEx Express** | USD | $45.50 |

B-4

# EXHIBIT C

DANIEL E. RADAKOVICH
ATTORNEY AT LAW
900 WEST JACKSON BOULEVARD
SUITE 5 - EAST
CHICAGO, ILLINOIS 60607-3024

(312) 733-5116
FAX (312) 733-3001
E-mail dan@danielradakovich.com

Attorney Daniel E. Radakovich Court Admissions and Experience

Attorney Daniel E. Radakovich was admitted to the Illinois Bar on November 26, 1974 (ARDC#2274272) and has been an Active member of the Illinois Bar continuously since that date. During his fifty-year-plus legal career Mr. Radakovich has not only never been sanctioned nor disciplined in any manner by any Court, agency or tribunal but, in addition, has been AV rated by his peers (including opponents) with Martindale-Hubbell for as many years as he can remember (at least 40 to 45 years). Most of the ratings have come from not only Judges but also from opposing counsel as the vast majority of Mr. Radakovich's practice has involved trial work.

Employment:

April 15, 1975 through January, 1981. Cook County Assistant Public Defender which included appellate work; misdemeanor trial work; felony courtroom trial assistant (with several hundred felony cases on his docket {with generally one trial partner} and culminating with three (3) years of service on the Cook County Public Defender's Office Murder Task Force. The Task Force assignment included carrying a case load of between 20 and 30 murder cases at any given time including Death Penalty cases.

During Mr. Radakovich's career in the Public Defender's Office he wrote numerous appellate briefs; worked up, negotiated and/or tried hundreds of misdemeanor and felony cases to disposition; prepared and litigated hundreds of motions; and tried an (estimated) several dozen cases to verdict in jury trials. (All numbers are good faith estimates.)

C-1

DANIEL E. RADAKOVICH
ATTORNEY AT LAW

February 1981 to present. Solo private practice in Daniel E. Radakovich, Attorney at Law where he has handled a large volume and wide variety of both civil and criminal cases in both state and federal courts including transactional, domestic relations, zoning, housing, personal injury, appellate, chancery (equitable relief), employment, not-for-profit representation, administrative law, legal malpractice, professional malpractice, alternate dispute resolution and all types of criminal cases (both misdemeanor and felony) among others.

Although Mr. Radakovich has never kept a "count" of the number of transactions appeals, cases, hearings, administrative hearings, bench trials and jury trials that he has handled in his fifty year-plus career an estimate of thousands would certainly be accurate. Mr. Radakovich's alphabetical/numerical database of clients, entities, companies and Organizations that he has represented during his career in private practice approaches six thousand in number which would include trying several hundred jury trials to verdict and several thousand dispositive hearings and bench trials.

That in addition to being licensed to practice law in the State of Illinois since 1974 Mr. Radakovich has also:

A.   Handled state cases (usually with local counsel) in the states of Indiana, Michigan, Wisconsin, Tennessee, Minnesota, Missouri and Kentucky.

B.   Has handled (primarily federal criminal) cases and been admitted to practice in the following United States District Courts (either via application or via Motions pro hac vice):

^The Northern, Central and Southern Districts of Illinois;

^The Northern and Southern Districts of Indiana;

^The Western District of Michigan;

^The Eastern and Western Districts of Wisconsin;

DANIEL E. RADAKOVICH
ATTORNEY AT LAW

^The Northern District of Iowa;

^The Northern, Southern and Western Districts of Texas;

^The District of New Mexico; and

^The Eastern District of Missouri

C.   Has been admitted to practice in the following federal appellate courts where he has handled federal (criminal) appeals:

^The 6th Circuit Court of Appeals (although not currently registered);

^The 7th Circuit Court of Appeals (still registered); and

^The 10th Circuit Court of Appeals (although not currently registered).

D.   Has handled and/or tried cases (both civil and criminal) in thirty-two (32) of the one hundred and two (102) counties in Illinois.

E.   Has used his legal skills, knowledge and experience in working (literally) thousands of hours of pro bono work for a number of both indigent individuals and organizations including not-for-profit organizations; religious organizations (including extensive zoning, housing and transactional work for a number of "inner-city" Churches of modest financial means); and various fraternal organizations.