IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| CLIFFORD C. ROBERTS | ) | |
| Plaintiff | ) | |
| vs. | ) | No. 1:20-cv-02404 |
| Lt. DEREK JABUREK | ) | Honorable Judge Sunil R. Harjani |
| Defendant | ) | |

PLAINTIFF'S REPLY BRIEF TO DEFENDANT'S RESPONSE

Now comes the Petitioner herein, Daniel E. Radakovich, as Attorney for Clifford C. Roberts, Plaintiff in the above-captioned case, and submits the following Reply Brief to the Defendant's Response to Plaintiff's Petition for Attorney's Fees and Costs and in support thereof states as follows:

## INTRODUCTION

In the Conclusion to Defendant's Response at page 11 it is stated as follows: Counsel should be applauded for stepping up where four others stepped back. While undersigned has an obligation to vigorously oppose this petition, undersigned would be remiss if she did not acknowledge that Plaintiff has undoubtedly benefitted from Mr. Radakovich's representation.

Petitioner hereby restates and realleges that which is stated in his Petition for Attorney's Fees and Costs (Dkt. 131) in support of this Reply.

### The PLRA does not cap Attorney Radakovich's attorney fees in this case

Although Defendant repeatedly cites and relies on Pearson v. Welborn, 471 F.3d 732, 742 (7th Cir.) the Defendant fails to address the fact that Plaintiff secured additional relief in addition to the nominal damages of $1.00; namely that, in the nature of

a declaratory judgment, the Defendant prevailed on his claim that the Defendant Jaburek used excessive force and, as such, overturned both the Final Report of the (IDOC) Final Summary Report (JX11) as well as the Investigation Summary (JX1) which found that the charge of excessive use of force against Defendant Lt. Jaburek was unsubstantiated.

Welborn holds that:

Those circuits holding that the fee cap applies to nominal damages have uniformly recognized that it would be inapplicable if the plaintiff secured non-monetary relief in addition to nominal damages. See Boivin, 225 F.3d at 41 n.4 ("In a case in which the court orders non-monetary redress (say, an injunction) *743 along with a monetary judgment, the fee cap...would not restrict the total amount of attorneys' fees that the court could award.") Walker 257 F.3d at 667 n.2 ("[I]f non-monetary relief is obtained, either with or without money damages, Section 1997e(d)(2) would not apply.") Dannenberg v. Valadez, 338 F.3d 1070, 1075 (9th Cir. 2003) ([F]ees incurred to obtain injunctive relief, whether or not monetary relief was also obtained as a result of those fees, are not limited" by Section 1997e(d)(2).)

In this case, the jury, after lengthy deliberations of more than 12 hours, made a finding that the Defendant used excessive force against the Plaintiff. The Plaintiff prevailed on this issue despite the significant restrictions put on what the Plaintiff was allowed to testify to and present in his case by the Heck v. Humphrey bar. This judgment* will discourage the Defendant from using excessive force in the future as (potential) plaintiffs might very well use the judgment* to show that this Defendant (Lt. Jaburek) engaged in prior bad acts. Under Welborn and other factors the fee cap does not restrict the amount of attorney fees that this Court might award.

*It is noted that in neither the (original) Judgment entered on 2/13/25 (Dkt. 129) nor the Amended Judgment Order **nunc pro tunc 2/13/25 pursuant to FRCP 60(a)** (Dkt. 135) has the Court entered Judgment in favor of plaintiff and against defendant (by checking the appropriate box); rather the Court checked other: "The jury returns a verdict in favor of plaintiff Clifford C. Roberts and against Defendant Lt. Jaburek.

The Defendant also argues in its response that the case of Farrar v. Hobby, 506 U.S. 103

(1992) precludes anything but a nominal recovery. In Farrar the Court upheld zero attorney fees for a nominal damages recovery but Farrar does not apply to the instant case but only to cases where there has been a "minimal" or nominal recovery, as measured against the amount the plaintiff sought and the proceedings were largely a waste of time for all involved. See Aponte v. City of Chicago, 728 F.3d 727-28 (7th Cir. 2013)

In this case, Petitioner Radakovich, did not pursue a large monetary award either in the First Amended Complaint that he drafted and filed on January 31, 2023 (Dkt. 49) nor in final arguments (where Petitioner did not argue for any specific amount of damages to be awarded other than to "invite" the jury to award nominal damages of $1.oo if they found the same to be appropriate). The plaintiff's attorney here (Petitioner) tried to settle. Petitioner moved to dismiss Count II (Deliberate Indifference to Medical Needs) thus attempting to minimize both litigation and the time spent by defense counsel. In this case the Farrar test does not apply. In the alternative, if this Court finds that Farrar does apply this Court's attention is directed to following three factors in Justice O'Connor's concurring opinion, namely: (1) the difference between the amount sought and the damages recovered; (2) the significance of the issue on which the plaintiff prevailed relative to the issues litigated; and (3) whether the case accomplished some public goal. See Aponte, 728 F.3d at 727-728.

The appropriate standard can be found in Hensley v. Eckerhart, 461 U.S. 424 (1093) where the test is to calculate fees based upon what is reasonable given the work performed and the hours spent.

### The Correct Standard for Awarding Attorney Fees Comes Not from Farrar v. Hobby but rather the lodestar formula under Hensley v. Eckhart

The defendant argues that an award of attorney fees of $1.50 is appropriate under Farrar v. Hobby, 506 U.S. 103 (1992) because the plaintiff only received nominal damages of

$1.00. The defendant's claim is misplaced. For the reasons that follow, Farrar does not apply in this case. Rather, the correct precedent to be applied is Hensley v. Eckerhart, 461 U.S. 424, 433-37 (1983). The Seventh Circuit discussed both Farrar and Hensley in Aponte v. City of Chicago, 728 F.3d 724 (7th Cir. 2013). As stated in Aponte, Hensley is to be applied instead of Farrar if the case was a small claim instead of a large claim where the plaintiff fell short:

> The Seventh Circuit instructs the district court, on the one hand, to apply Farrar if the plaintiff was "aiming high and fell short, [and] in the process inflict[ed] heavy costs on his opponent and wast[ed] the time of the court," and, on the other hand, to use Hensley if "the case was simply a small claim and was tried accordingly." Hyde, 123 F.3d at 585. Thus in determining whether an award should be analyzed under Farrar, district courts should look at the entire litigation history, including the number of victorious versus unsuccessful claims, the amount of damages sought versus recovered, time expended by the parties, and judicial resources. Aponte, 728 F.3d at 728.

Here the Petitioner Radakovich never aimed high and fell short; he did not inflict heavy costs on the defendant; and he did not waste the court's time. He moved to dismiss with prejudice Count II (Deliberate Indifference to Medical Needs) well in advance of trial when he determined that the count did not have merit. Radakovich asked ("invited") the jury to return a nominal award of $1.00 for the single count alleging excessive force and that's what he got. Under Aponte, Hensley not Farrar applies. Hensley directs the district court to award Radakovich the number of reasonable hours he expended multiplied by a reasonable hourly fee.

### Even if Farrar applies, the Petitioner is still entitled to a reasonable hourly fee multiplied by the number of reasonable hours as determined by this Court

As discussed in the issue (II) above, Hensley rather than Farrar applies. In the alternative even if Farrar is determined to apply, Petitioner should receive a reasonable fee calculated by multiplying the number of reasonable hours expended by a reasonable hourly fee.

*Aponte* instructs that Justice O'Connor's concurrence in *Farrar* and the three factors that she discussed should be applied. These three factors are: "the difference between amounts sought and recovered, the significance of the legal issue on which the plaintiff prevailed compared to those litigated, and the public goal achieved." *Aponte*, 728 F.3d at 727, 731.

The first factor favors the Petitioner because he sought ("invited") nominal damages and received nominal damages; he did not aim big and fall short. The second factor also favors Radakovich because he won a significant legal victory in favor of his client by persuading the jury to determine that Defendant Lt. Jaburek used excessive force against the Plaintiff Roberts (despite the significant legal hurdle presented by the Heck bar). Petitioner prevailed on the single claim (excessive force) that was tried. Even defense counsel commended Petitioner for "stepping up where four previous attorneys gave up." Attorney Radakovich's efforts and the prevailing verdict achieves a significant public interest benefit beyond what accrued to his own client because Defendant Jaburek as well as other correctional officers knowing of the jury's verdict will be deterred from using excessive force against Plaintiff Roberts or any other inmate or risk substantial damages in a future case and/or sustain a blemished record. As such, Radakovich also prevails on the third Justice O'Connor factor. The lodestar of a reasonable number of hours multiplied by a reasonable hourly fee should be applied here.

## Conclusion

For the reasons stated both in the above Reply Brief as well as the original Petition for Attorney's Fees and Costs (Dkt. 131) the Petitioner respectfully requests this Honorable Court for the relief sought in Paragraphs A. through D. of the Petition for Attorney's Fees etc.

Dated: April 11, 2025

Respectfully submitted,

Daniel E. Radakovich

Daniel E. Radakovich #2274272

Attorney for Plaintiff Clifford C. Roberts (and Petitioner herein)

900 West Jackson Boulevard; Suite 5-East

Chicago, IL 60607

Phone: (312) 733-5116     Fax: (312) 733-3001

dan@danielradakovich.com