**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Clifford Roberts | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 20 C 2404 |
| v. | ) | |
| | ) | Hon. Sunil R. Harjani |
| Derek Jaburek | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff's counsel seeks fees and costs for obtaining a jury verdict in Plaintiff's favor on his Section 1983 claim and a nominal jury award of $1.00. First, Plaintiff seeks attorney's fees of $50,700. Title 42, United States Code, Section 1997e(d)(2) caps attorney's fees in these claims at 150% of the jury award, which in this case would be $1.50. Despite the good work of Plaintiff's counsel in this case, the text of the statute is clear, and this Court has no discretion to award anything more than $1.50. *See e.g. Allen v. Ramos*, 2008 WL 4449864 (S.D. Ill. Sept. 30, 2008) ($1.50 in fees on nominal damages award); *Carter v. Radtke*, 2017 WL 1058462 (W.D. Wis. Mar. 20, 2017) ($226.50 in fees on nominal award of $151). Plaintiff did not obtain declaratory relief or an injunction that would allow an award of some additional fees, but rather only received an award of damages based on a standard verdict of liability. *See e.g. Goodman v. Walker*, 2007 WL 2907991, at *1 (S.D. Ill. Oct. 1, 2007) (injunctive relief in addition to the $1.00 award would allow fees over the cap). Simply receiving a favorable verdict is not sufficient to transform the award into an equitable action, and the Seventh Circuit has been crystal clear on this. *See Pearson v. Welborn*, 471 F.3d 732, 744 (7th Cir. 2006) ("We are thus hard-pressed to see how such a 'declaratory judgment' would constitute 'other relief' distinct from the nominal damage award entered by the jury."). Thus, the Court grants attorney's fees in the amount of $1.50 and leaves it to the parties to execute the additional provisions of Section 1997e(d)(2), which the Court expects will not be disputed based on this result.

Costs are recoverable and are not subject to the same cap. *See* Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920. Plaintiff's counsel seeks costs of $1,349.37 and the filing fee of $402. Defendant disputes the award of $1,349.73, but has no objection to the filing fee, which is granted. The Court will take the remaining two costs in turn:

- Plaintiff's counsel seeks $1,289.23 for deposition costs and transcripts for the depositions of Plaintiff Roberts and Defendant Jaburek, and attaches an invoice and a credit card receipt for that amount as proof of those expenses. However, as Defendants rightly point out, Plaintiff provides no breakdown of the costs per page to determine whether it complies with Local Rule 54.1. *See e.g., Magnuson v. Trulite Glass & Aluminum Solutions, LLC*, 2024 WL 5485913, at *4 (Apr. 12,

2024); *Hoffstead v. Northeast Illinois Regional Commuter*, 2024 WL 836597, at *2 (N.D. Ill. Fe. 27, 2024). Ruling is deferred and Plaintiff is asked to file a supplemental motion concerning the costs for deposition transcripts consistent with Local Rule 54.1 by July 7, 2025, if he wishes to continue to seek these costs. Better yet, both Plaintiff's counsel and Defendant's counsel should confer and ideally file an unopposed motion to avoid further litigation on this issue.

- Plaintiff's counsel seeks recovery of FedEx costs of $60.14 to mail items to Plaintiff at Menard Correction Center. Courier or delivery service fees are not expressly listed as costs under 28 U.S.C. § 1920. These are denied. *See Belk v. Larson*, 2024 WL 1209893 (S.D. Ill. Mar. 21, 2024) (FedEx costs not reimbursable); *Alexander v. CIT Tech. Fin. Servs.*, 222 F.Supp.2d 1087, 1092 (N.D. Ill. 2002) (costs of courier, postage, and delivery charges are typically considered overhead and not allowable as costs); *Pezl v. Amore Mio. Inc.*, 2015 WL 2375381 (N.D. Ill. May 13, 2015) (FedEx charge of $45.07 not reimbursable).

Accordingly, Plaintiff's petition for fees and costs [131] is granted in part, denied in part, and deferred in part.

**SO ORDERED.**

Dated: June 25, 2025

_____

Sunil R. Harjani
United States District Judge